FILED
2012 Oct-29 PM 03:59
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES

DISTRICT COURT FOR THE

NORTHERN DISTRICT OF ALABAMA

FILED

2012 OCT 29 P 3:36

U.S. DISTRICT COURT
N.D. OF ALABAMA

Ullis Vaughn )

Petitioner )

v. ) Case No; 5:12-CV-2822-CLS-RRA

Dewayne Estes )

Respondant )

Reply (Traverse)

Ullis Vaughn #156793

B-Dorm

28779 Nick Davis Rd.

Harvest, Alabama 35749

# TABLE OF CONTENTS

pg.

Table of contents............................................... 1

Citations....................................................... 1

Facts........................................................... 2

Arguements...................................................... 3-5

Certificate of Service.......................................... 5

## CITATIONS

Antonalli v. Warden U.S.P. Atlanta, 542 F. 3d 1348, 1351 n.1

(11th Cir. 2008)................................................ 4

Dowdy v. Gilbert Engineering Co. 372 So. 2d 11,12 (Ala. 1979).... 3-4

Hernandez v. Holder, U.S. App. LEXIS 11077 (2012)................ 4

Maddox v. Maye, 455 Fed. Appx. 435,437 (2011).................... 4

Mora v. Warden, FCC Coleman-Low, LEXIS 10155 (2012).............. 4

Shepard v. Holder, U.S. App. LEXIS 9260 (2012)................... 4

§13A-5-9.1 ...................................................... 3-4

(2)

FACTS

On November 6, 1996, The petitioner, Ullis Vaughn was found guilty in Limestone County Circuit Court of two counts of theft of property first degree for the unlawful taking of four truck tires. On December 2, 1996 he was sentenced to two consecutive life sentences.

On October 24, 2011 a motion under statute §13A-5-9.1 was filed for the Courts consideration. On October 25, 2011 after no consideration his motion was denied. Subsequent appeal and Writ of Certiorari affirmed the Circuit Court's Decision without a finding that the petitioner was a convicted violent offender in violation of the U.S. Constitutional Equal Protection under the law. Therefore this petition to the United States District Court for the Northern District of Alabama seeking protection from the States unconstitutional determination.

## Argument

Comes now the petitioner Ullis Vaughn, Pro Se, requesting this Honorable Court to hear this reply to the States answer to the Petitioner's application for §2241 Habeas Corpus. This Honorable Court states in its order directing the petitioner to respond to the states answer, that the state promotes that the petitioner's petition states no cognizable claim for Habeas review. The petitioner asserts that §2241 is the remedy for postconviction deprivation of Constitutional Rights upheld by the State. The sentence in this case is being carried out in an unconstitutional manner. The State of Alabama has iniated the postconviction relief in the form of §13A-5-9.1. This is a remedy that certain non-violent convicted offenders can utilize for an early parole. But in its initiation the State of Alabama has upheld unconstitutional application in this motion. The State of Alabama has completely ignored the Equal Protection guaranteed by the 14th Amendment of the Constitution. By granting some offenders that have been found non-violent, relief under this statute and denying others found to be non-violent is arbitrary and capricious application of this statute, in violation of the United States Constitution. The petitioner in this case would assert to this Court that the State in no way made a determination that the petitioner was even remotely violent,(grounds for a denial). The only defense that the state asserts is, "The defendant's sentences are not illegal", (cannot refer the court to that portion of the record or anything other than the States argument to the Alabama Court of Criminal Appeals). The law that the State should have followed is, "A judge abuses his discretion only when his decision is based on an erroneous conclusion of law or where the record contains no evi-

dence on which he rationally could have based his decision."-(quoting Dowdy V. Gilbert Engineering Co., 372 So. 2d 11, 12 (Ala. 1979) There is nothing anywhere in the record that could be perceived to give the Circuit Judge a rational reason to deny the petitioner relief in this case. When the Court requires the State to produce the entire record containing all of petitioner's briefs and response from the State it will become apparent that the State is not justified in denying the petitioner his requested relief. There are many persons in the State of Alabama that the petitioner is similarly situated with. At this time the petitioner would request that this Honorable Court to take Judicial Notice of the attached exibit containing some of the more serious offenders that have been considered and granted relief. This document shows that the State of Alabama applies an arbitrary and capricious standard in determining their statute §13A-5-9.1 and in doing so the state violates the substantive protection guaranteed by the 14th Amendment Equal Protection Clause.

The law in the 11th and 5th Circuit holds: "When a prisoner is challenging the execution of his sentence, rather than the validity of his sentence, then he may proceed under §2241."-Antonelli v. Warden U.S.P. Atlanta, 542 F. 3d 1348,1351 n.1 (11th Cir. 2008)-Mora v. Warden, FCC Coleman-Low, LEXIS 10155 (2012),-Sheppard v. Holder, U.S. App. LEXIS 9260 (2012)-Hernandez v Holder, U.S. APP. LEXIS 11077 (2012)-Maddox v. Maye, 455 Fed. Appx. 435,437 (2011). Therefore this Court has Jurisdiction to hear and decide this petition challenging the Constitutional validity in the execution of Alabama's §13A-5-9.1 statute.

Wherefore the premises considered the petitioner prays that this

(5)

Honorable Court will hear and take into consideration this §2241 petition for relief of the unconstitutional determination applied by the Courts of Alabama.

Respectfully Submitted,

Ullis Vaughn #156793

Ullis Vaughn #156793

B-Dorm

28779 Nick Davis Rd.

Harvest, Al.
35749

CERTIFICATE OF SERVICE

I do hereby certify that I have on this the 26 day of OCT., 2012, served a copy of the forgoing pleading on the Clerk of the Court for the U.S.District Court for the Northern District of Alabama and the Attorney Generals Office for the State of Alabama via First Class U.S. Mail.

Ullis Vaughn #156793

Ullis Vaughn #156793

INMATES THAT HAVE RECEIVED SENTENCE REDUCTIONS UNDER [illegible]

| NAME | CONVICTION | COUNTY | CASE NO. |
|---|---|---|---|
| Terry McLester | 1st Robbery | Houston | [illegible] |
| Ronnie Wabbington | 1st Robbery | Jefferson | |
| Johnny Holley Jr. | 1st Robbery | Tuscaloosa | [illegible] |
| John Bratton | 1st Robbery | Tuscaloosa | [illegible] |
| William Holt | 1st Robbery | Jackson | [illegible] |
| James Hopson | 1st Robbery | Jefferson | [illegible] |
| Billy Helms | 1st Robbery | Houston | |
| Dwain Daniel | 1st Robbery | Jefferson | [illegible] |
| Alvin Daniel | 1st Robbery | Jefferson | [illegible] |
| Sameul Thompson | 1st Robbery | Jefferson | [illegible] |
| Larry Gardner | 1st Robbery | Autauga | [illegible] |
| Willie Brewer | 1st Robbery | Houston | [illegible] |
| Darren Caudle | 1st Robbery | Madison | [illegible] |
| William Sanders | 1st Robbery | Jefferson | |
| Jeff M. Fawaad | 1st Robbery | Jefferson | |
| Jimmy Childers | 1st Burglary | Jefferson | [illegible] |
| Jerald Sanders | 1st Burglary | Mobile | [illegible] |
| Junior Kirby | 1st Trafficking | Jackson | [illegible] |
| Rex Norris | 1st Trafficking | Jefferson | [illegible] |
| Napoleon Mason | 1st Trafficking | Jefferson | |
| Donnie Phillips | 1st Trafficking | Jefferson | [illegible] |
| Daryl Lewis | 1st Trafficking | Tuscaloosa | [illegible] |
| Theon Williams | 1st Trafficking | Jefferson | |
| Darrell Wilson | 1st Trafficking | Jefferson | |
| William Bonner | 1st Trafficking | Tuscaloosa | [illegible] |
| Michael Peek | 1st Trafficking | Macon | [illegible] |
| Mabra Wright Jr. | 1st Burg/Sex-Abuse | Covington | |
| Vervon McElroy | 1st Trafficking | Etowah | [illegible] |
| Laterrance Williams | 1st Trafficking | Tuscaloosa | |
| Douglas Gray | 1st Trafficking | Morgan | |
| Richard Wiley | 1st Escape | Elmore | [illegible] |
| Gates Pritchett | 1st Robbery | Jefferson | |
| Charles McComb | 1st Trafficking | Jefferson | |
| James Edwards | 1st Murder | Houston | |
| Charles Woodson | Attempt Murder | Crenshaw | [illegible] |
| Derek Jenkins | 1st Robbery | Montgomery | |
| Zonnie Weaver | 1st Burglary | Mobile | |
| John Paul Rice | 1st Robbery | Baldwin | |
| Stanley Washington | 1st Trafficking | Jefferson | |
| Larry Franklin | 1st Robbery | Jefferson | |

| | | | |
|---|---|---|---|
| Paul Y. Russaw | 1st Murder | Houston | |
| Arthur Miller | 1st Robbery | Mobile | |
| Mark Flowers | 1st Robbery | Montgomery | [illegible] |
| Mark Weaver | 1st Burglary | Mobile | |
| Doc Warren | 1st Robbery | Montgomery | |
| Earnest Nix | 1st Trafficking | Jefferson | |
| Dennis Steward | 1st Robbery | Mobile | |
| Larry Garrett | 1st Burglary | Tallapoosa | |
| Benjamin Phillips | 1st Robbery | Mobile | |
| Raymond Smith | 1st Robbery | Houston | [illegible] |
| Anthony Gilbert | 1st Robbery | Elmore | |
| Timothy Trawick | 1st Rape/Sodomy | Dade | [illegible] |
| Larry Gibson | Attempted Murder | Jefferson | |
| Larry Slay | 1st Robbery | Mobile | |
| Al Gilbert | Rape | Montgomery | |
| Nathaniel Hayes | Robbery | Montgomery | |